## Case No. 6,199.

In re HASTINGS.

[4 Am. Law Rev. 173.]

Circuit Court, D. California. 1869.

CONTEMPT — ACCUSATIONS AGAINST THE COURT — NAME OF PROCTOR STRICKEN FROM THE ROLLS.

[Name of proctor stricken from the rolls of the court for contempt in filing a notice of motion to set aside a decree on the ground that the same was rendered without any consideration or deliberation, without examination of the pleadings, proofs or written arguments, and was the result "of either prejudice or corruption," and in "willful violation of a known duty."]

W. Hastings, proctor in admiralty, brought a suit in the United States district court against the ship Gentoo, claiming damages for alleged ill treatment. The case was tried before Judge Hoffman, who delivered an opinion, and entered a decree dismissing the libel. An appeal was taken by Mr. Hastings to the circuit court, and the decree of the district court was affirmed by Judge Field. Under these circumstances, Mr. Hastings gave a notice of a motion to be made before Judge Hoffman, the result of which was the following order:—

HOFFMAN, District Judge. A rule having been heretofore entered requiring Mr. Hastings, a proctor of this court, to show cause on this day why he should not be stricken from the rolls of the court, or otherwise proceeded against as for contempt; and the said Hastings being here present in court, and being called upon to answer said rule, admitted and avowed that he filed with the clerk a certain paper purporting to be a notice of motion, which paper is as follows:—

"In the Circuit Court of the United States for the District of California.—Sigmund Austin et al., Libellants and Appellants, v. The Gentoo (L. Freeman, Claimant), Appellee.—In Admiralty. You will please to take notice that as soon as appellants can obtain an impartial hearing I will move the court to set aside the decree made by the circuit court in the above-entitled cause, and grant a hearing thereof, on the following grounds; namely: First. That the decision is clearly against evidence. Second. That the decision is clearly against law. Third. That the decision was made without examination of the pleadings, proofs, further proofs, or written arguments in said cause, or the questions of law raised and submitted therein for consideration and adjudication, and without due or any consideration or deliberation. Fourth. That said decision is the result of either prejudice or corruption, and made in wilful violation of a known duty. And you will further take notice, that on the hearing of said motion the pleadings, proofs, and further proofs adduced in said cause and the opinion of the court below, the brief or written argument submitted by appellee, and the brief or written argument submitted by appellants, will be read and referred to on the hearing of said motion and affidavits to be filed.

"W. W. Hastings, Proctor for Appellants.

"June 23d, 1869.

"To Messrs. Casserly & Barnes, Esqrs., Proctors for Appellee."

And the said W. Hastings having also admitted that he had served a copy of same on W. H. L. Barnes, proctor and advocate of this court, and thereupon having asked the court twenty days' time to prepare his defence and to make good and substantiate the charges and statements contained in said notice, which was by the court refused, and it appearing from the files of this court, and also by the confession of the said Hastings, that he had filed and served the paper hereinbefore set forth—it is therefore adjudged by the court that the said W. Hastings is guilty of a contempt of this court; and it is ordered that the name of the said W. Hastings be stricken from the roll of attorneys, counsellors, solicitors, proctors, and advocates of this court, and this judgment and order be entered on the minutes.